# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BETTY A. WELLES,

    Petitioner,

    -vs-

GREENE COUNTY COMMON
 PLEAS COURT,

    Respondent.

:

:

:

Case No. 3:06-cv-220

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Petitioner Betty A. Welles brought this action *pro se* seeking a writ of mandamus to compel the Respondent Greene County Common Pleas Court to instruct the Ohio Adult Parole Authority to give her an additional sixty-nine days credit against the prison sentence she is presently serving. Because Petitioner is proceeding *pro se*, the case was automatically referred to the undersigned United States Magistrate Judge under this Court's General Order of Assignment and Reference. The case is before the Court on its own motion to determine whether this Court has subject matter jurisdiction over Petitioner's claim.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter

-1-

jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

Petitioner claims a right to an additional sixty-none days jail time served credit against her present prison sentence being served at the Marysville Reformatory for Women. She summarizes her claim as follows:

> The Ohio Revised Code provides in § 2967.101 that when a Defendant for whatever reason remains in jail prior to trial in a criminal case, the Defendant must be given credit on the sentence ultimately imposed for all periods of actual confinement.

(Petition, Doc. No. 1, at 1-2.) The 69 days in question are alleged to have occurred as follows: Petitioner was already serving a sentence at Marysville when she was transported to Greene County Jail to be arraigned in Case No. 03-CR-870. Apparently she was arraigned and pled guilty at some time during the 59 days she then spent at Greene County. After having returned to Marysville, she came back to Greene County from March 9, 2004, to March 18, 2004, for sentencing. Despite two motions, Judge Wolaver has refused to grant her credit for this time. She alleges that under the same circumstances she was given credit for time spent in the Clark County Jail in Clark County Case No. 04-CR-0085.

The statute on which Petitioner relies, Ohio Revised Code § 2967.191, was amended in 1997 to substitute the Ohio Department of Rehabilitation and Corrections for the Ohio Adult Parole Authority, so the correct Respondent in a mandamus action would be the Warden at Marysville or the State Director of ODRC, rather than the Common Pleas Court.

As best this Court understands the Ohio procedure for getting jail time credit, it is a matter which should be raised at sentencing and then can be dealt with by the court of appeals if the trial court's calculation is wrong. *See, e.g., State v. Nagy*, 2003 WL 22972826 (Ohio App. 2d Dist December 19, 2003). Although there are many unreported Ohio appellate cases in mandamus under this statute, because there is an adequate remedy by way of appeal, the Ohio courts may not entertain a mandamus action. *State, ex rel. Jones, v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999), *citing State, ex rel. Sampson, v. Parrott,* 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).

In any event Petitioner has not demonstrated that this Court has subject matter jurisdiction over her claim. On its face, the Petition does not state a claim for relief which arises under federal law, but rather a claim under state law. The All Writs Act, 28 U.S.C. §1651, on which Petitioner relies does not grant jurisdiction to the federal courts; there must be an underlying federal claim for the Court to exercise its mandamus jurisdiction. Federal trial courts have no power to grant mandamus relief when it is merely to compel state courts or their judicial officers in the performance of their duties. *Haggard v. Tennessee,* 421 F.2d 1384 (6th Cir. 1970); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1274 (5th Cir. 1973); *Clark v. Washington*, 366 F.2d 678 (9th Cir. 1966).

Petitioner seeks reduction of a state sentence of confinement. This Court could consider such a claim if it were brought by way of an action for writ of habeas corpus. While federal habeas

corpus is available only to consider federal constitutional claims, forcing a person to serve more time in custody than is provided by state law would appear to be a deprivation of liberty without due process of law. However, before a person in custody may bring a federal habeas corpus action, the person must exhaust all available state court remedies. If Petitioner believes she has exhausted all available state court remedies, she can file a petition for writ of habeas corpus in this case, substituting it for her Petition for mandamus; the Clerk's office will make a form for petition for habeas corpus available upon request.

Aside from habeas corpus, the Court cannot entertain a petition to reduce a state court imposed sentence. The Supreme Court has cautioned district courts not to permit challenges to the length of state court sentences to be brought as general civil rights claims. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)[1].

Accordingly, it is respectfully recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction unless Petitioner promptly substitutes a petition for writ of habeas corpus for her present petition for mandamus.

This Report is being issued very promptly after the filing of this case so that if Petitioner has a right of appeal under state law from Judge Wolaver's June 21, 2006, Judgment Entry to the Greene

---

[1] In contrast, the Supreme Court has allowed a 42 U.S.C. § 1983 cases – a general civil rights case – to challenge the method of execution of a state court sentence. See *Nelson v. Campbell,* 541 U.S. 637; 124 S. Ct. 2117; 158 L. Ed. 2d 924 (2004), and *Hill v. McDonough,* 547 U.S. ___, 2006 U. S. LEXIS 4674 (2006).

County Court of Appeals, she does not allow the time for appeal to expire while waiting for a ruling from this Court[2].

July 22, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Welles v. Greene Cty CPC 01.wpd

---

[2] By adding this note, the Court does not suggest that there is such a right of appeal or that the time has not already run.